UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN MATEO,<br><br>Defendant. | Case No. 21-cv-05601-JSW<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

This matter comes before the Court upon consideration of Plaintiff's application for a temporary restraining order ("TRO"). Having considered Plaintiff's application, the Court DENIES the motion for the reasons set forth herein.

Plaintiff is an attorney who represents a client involved in divorce and domestic violence proceedings (the "state court litigation"). During the course the state court litigation, he deposed his client's estranged wife and recorded that deposition. Prior to the deposition, the parties agreed that the deponent would file an application for a protective order to prevent dissemination of the video by July 9, 2021. (*See* Plaintiff's Declaration ("Plaintiff's Decl.") ¶ 9, Ex. A.) Deponent did not file an application until July 21, 2021, and the judge presiding over the matter granted the application on the same day. (Compl. ¶¶ 10-11.)[1] Plaintiff planned to post the deposition to his website and "offer commentary and editorial about the deposition and" the state court litigation. (*Id.* ¶ 10; Plaintiff's Decl., ¶ 8.) Plaintiff alleges "[t]he order must be declared void and its enforcement must be enjoined." (Compl. ¶ 12.)

On July 21, 2021, Plaintiff filed the complaint and the application for a TRO, alleging the

---

[1]   The state court's order is attached to the Complaint.

order blocking him from posting the deposition amounts to a prior restraint and violates his rights to free speech under the Federal and State Constitutions.

Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, Plaintiff must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, a court may grant a TRO if a plaintiff demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply in its favor, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135.

Plaintiff has sued the Superior Court of the State of California for the County of San Mateo. However, "a suit against the Superior Court is a suit against the State, barred by the eleventh amendment." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987); *see also Torres v. Voltz*, No. 19-cv-3874-LB, 2019 WL 3345972, at *4 (N.D. Cal. July 25, 2019). For that reason, the Court concludes Plaintiff has neither demonstrated a likelihood of success on the merits nor serious questions going to the merits of his claims, and the Court DENIES the application.

If Plaintiff renews his request, he shall be prepared to address why, in light of the fact that he is precluded by the state court order from disseminating the video, his claim would not be subject to dismissal under the *Rooker-Feldman* doctrine.

**IT IS SO ORDERED**.

Dated: July 22, 2021

_____
JEFFREY S. WHITE
United States District Judge

2