UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. WATTERS,<br><br>        Plaintiff,<br><br>    v.<br><br>LELAND DAVIS, III, in his official capacity as Presiding Judge of the Superior Court of the State of California, County of San Mateo<br><br>        Defendant. | Case No. 21-cv-05601-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant, Judge Leland Davis, III ("Judge Davis"), which is noticed for a hearing on January 14, 2022. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing, and it GRANTS Judge Davis' motion.

## BACKGROUND

Plaintiff Andrew G. Watters ("Watters") is an attorney who represents a client involved in divorce and domestic violence proceedings (the "state court litigation"). During the course the state court litigation, Watters deposed his client's estranged wife ("Deponent") and recorded that deposition. (First Amended Complaint ("FAC") ¶¶ 2, 8-9.) Prior to the deposition, the parties agreed that the Deponent would file an application for a protective order to prevent dissemination of the video by July 9, 2021. Deponent did not file an application until July 21, 2021, and the Honorable Rachel Holt, the judge presiding over the matter, ordered that "Respondent *and his attorney* are enjoined from disseminating [Deponent's] videotaped deposition, which includes any

posting of the deposition or any portion thereof on the internet." (*Id.* ¶¶ 10-11; *see* Compl., Ex. 1 (emphasis added).) Watters planned to post the deposition to his website and "offer commentary and editorial about the deposition and" the state court litigation. (FAC ¶ 10.) Judge Holt subsequently permanently enjoined distribution of the video and audio recordings "to prevent the parties' two minor children from seeing the video." (*Id.* ¶ 12.) There is nothing in the record to suggest that Judge Holt omitted Watters from that injunction.[1] According to Watters, the State Court Order operates as a prior restraint and "must be declared void and its enforcement must be enjoined." (*Id.* ¶ 13.)

On July 21, 2021, Watters, acting *pro se*, filed his original complaint naming the Superior Court as the defendant and also filed an application for a temporary restraining order ("TRO"). On July 22, 2021, the Court denied Watters' motion for a TRO because a claim against the Superior Court would be barred by the Eleventh Amendment. *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987).

On August 17, 2021, counsel for Watters entered a notice of appearance and moved to amend the complaint to substitute Judge Davis as the defendant. The Court granted that motion on September 10, 2021. Watters filed the FAC on September 14, 2021, and maintains his claim that the State Court Order violates his right to freedom of speech under the First Amendment of the United States Constitution.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

Judge Davis moves to dismiss on the basis that: (1) Watters lacks Article III standing; (2) Watters' claim is barred by the *Rooker-Feldman* doctrine; (3) abstention is warranted pursuant to the "domestic relations" exception; (4) Watters' claim is barred by the doctrine of sovereign immunity; (5) Watters' claim is barred by the doctrine of judicial immunity; and (6) Watters has not stated a claim for violation of Section 47(d).[2] Because the Court concludes it lacks jurisdiction

---

[1] The Court shall refer to the permanent injunction as the "State Court Order."

[2] In his claim for relief, Watters also alleged that the State Court Order enjoins him from making a true report of judicial proceedings in violation of California Civil Code section 47(d).

2

pursuant to the *Rooker-Feldman* doctrine, it does not address Judge Davis' alternative arguments.

A.   **Applicable Legal Standard.**

A court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to them. *Id.*

B.   **Watters' Claim is Barred by the *Rooker-Feldman* Doctrine.**

Judge Davis argues the Court lacks jurisdiction because Watters' claim is barred by the *Rooker-Feldman* doctrine, an issue the Court raised when it initially denied his application for a TRO. The Supreme Court has emphasized *Rooker-Feldman* is a "narrow" doctrine that applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine does not apply "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil*, 544 U.S. at 293. However, a district court will lack jurisdiction over actions that are clearly direct appeals from a state court judgment, as well as "de facto" appeals. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). In order to determine if an "an action functions as a de facto appeal" of a state court judgment, the Ninth Circuit instructs courts to "pay close attention to the *relief* sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)) (emphasis in *Bianchi*); *cf. Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 (10th Cir. 2006) ("To the contrary, a party may lose in state court and then raise precisely the

---

(FAC ¶ 47(d).) Watters states that he does not need to establish a violation of Section 47(d) to state a claim for the alleged violations of his constitutional rights and does not address Judge Davis' argument that he could not state a claim for a violation of Section 47(d). Accordingly, the Court shall treat Watters' claim as limited to an allegation that the State Court Order violates his First Amendment rights.

3

same legal issues in federal court, so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court.") (emphasis in original).

Watters argues that pursuant to the Supreme Court's holding in *Lance v. Dennis,* the *Rooker-Feldman* doctrine does not apply because he is not a party to the state court litigation. 546 U.S. 459, 464-66 (2006) (holding doctrine not applicable to non-parties merely because a non-party is in privity with state court loser); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (*Rooker–Feldman* doctrine does not apply to preclude claims by a nonparty to the state suit). However, Watters also argues that he "filed an opposition on [his client's] behalf, detailing *Watters'* First Amendment [*sic*] and California Civil Code § 47 right to comment on state court proceedings." (Opp. Br. at 3:5-6 (emphasis added).) Further, although Watters is not one of the parties to the state court litigation, he also is not merely in privity with his client. Instead, he is expressly bound by the State Court Order, and Watters fails to explain why that fact is not dispositive. Thus, unlike a non-party, Watters "is in a position" to ask for review of the decision in state court. *Compare Lance*, 546 U.S. at 465 (noting non-parties did not participate in state court litigation and were not in a position to ask for review); *see also Karcher v. May*, 484 U.S. 72, 77 (1987) ("[T]he general rule [is] that one who is not a party or *has not been treated as a party to a judgment* has no right to appeal therefrom.") (emphasis added).

Moreover, the relief Watters seeks is not merely prospective. Instead, he asks this Court to declare the State Court Order as void. A ruling in Watters' favor from this Court would not merely deny the state court's legal conclusion, it would reverse and undo that ruling.

Accordingly, the Court GRANTS Judge Davis' motion to dismiss. Watters has asked for leave to amend, which, in general, should be freely granted. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). However, "[t]he district court's discretion to deny leave to amend is … broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotations and citation omitted). In addition, in light of the facts alleged, the Court concludes that amendment would be futile.

Therefore, the Court DISMISSES this case without prejudice for lack of subject matter

jurisdiction. *See Missouri ex rel Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice."). The Court shall enter a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 22, 2021

_____
JEFFREY S. WHITE
United States District Judge